CASTRO ET AL., PLAINTIFFS AND APPELLEES, *v.* QUIÑONES, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Ponce in an Action of Filiation.

No. 2286.—Decided July 9, 1921.

APPEAL—WEIGHING OF EVIDENCE—BRIEF.—The burden is on an appellant who seeks a reversal solely on the ground of error in weighing the evidence not only to state but to establish the proposition so submitted, or at least to discuss the testimony on which the court below based its judgment in so far as may be necessary not merely to suggest as a possibility but to show affirmatively that the contention is not wholly without merit. It is not the province nor the duty of any appellate tribunal to grope through the record without the aid of references or any definite indication as to details in order to ascertain whether or not the error complained of was in fact committed.

The facts are stated in the opinion.
*Mr. R. Martínez Nadal* for the appellant.
*Mr. T. Castillo* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The brief herein contains no separate assignment of error, but in the course of the argument it is conceded that no

question of law is involved, and submitted that the court below ''committed an error prejudicial to the defendant in weighing the evidence adduced by both parties.''

The argument in support of this rather broad proposition is in substance that the plaintiffs presented quite a number of witnesses who testified to paternal relations, visits and alleged caresses; that this testimony was contradicted by that of witnesses for the defense; that the defendant had recognized two children by the mother of the plaintiffs and hence it was natural that prior to his total separation from her he should visit the house and fondle the two children so recognized, thus furnishing a basis upon which unscrupulous witnesses could build the statement that he thereafter continued to maintain a similar attitude towards the spurious offspring; that the defendant testified to an absolute severance of relations with the mother more than a year previous to the birth of the plaintiffs; that the defendant is now married and was when he executed the formal acknowledgment of the two children recognized by him; that at the date of this instrument the plaintiffs were eight or nine years of age and that it is a significant circumstance that the defendant should thus acknowledge two and reject the others; that the domestic disturbance in his home would be the same whether only two or four were recognized; that the prejudice caused to the interests of his legitimate family would be practically the same in either event; that this being true the only motive that the defendant could have had in refusing to recognize the plaintiffs is to be found in his honest conviction as to the physiological impossibility of the paternity claimed by the plaintiffs, and that, corroborated by these circumstances, the testimony of the defendant is the most logical, most truthful and most trustworthy version of the matter.

There is no analysis whatever of the evidence. There is not even an abstract or summary of the testimony.

Three days were devoted to the trial in the court below and the stenographic record alone contains more than one hundred pages. The only reference made to this record is to pages where the testimony of the defendant is to be found. That is the only testimony discussed at all in the brief. About all that can be gathered from the argument contained therein is that the error complained of consists in not having accepted as true the testimony of the defendant, and in having elected to believe "the considerable number of witnesses" whose version of "the paternal relations and visits" was denied by the defendant.

The burden is upon an appellant who seeks a reversal solely on the ground of error in weighing the evidence not only to state but to establish the proposition so submitted, or at least to discuss the testimony upon which the court below based its judgment in so far as may be necessary not merely to suggest as a possibility but to show affirmatively that the contention is not wholly without merit. It is not the province nor the duty of any appellate tribunal to grope through the record without the aid of references or any definite indication as to details in order to ascertain whether or not the error complained of was in fact committed. We say this not in a spirit of idle criticism, but because the constantly increasing demands upon the time of this court render such a course daily more difficult and impracticable.

In the instant case we may add, however, that we have examined the record far enough to satisfy ourselves that the error, if any, in the conclusion reached upon the facts by the trial judge is not so manifest as to require a reversal.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.